[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2007
THOMAS K. KAHN
CLERK

No. 06-13715
Non-Argument Calendar

_____

D. C. Docket No. 05-02816-CV-TWT-1

DEBORAH TANNER,

Plaintiff-Appellant,

versus

WARREN NEAL,
LOU ALDER,
SERGEANT BENITES,
SHIRLIN MAHMOODZADEH,
SUSIE LATHAM, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 18, 2007)

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Georgia prisoner Deborah Tanner appeals the *sua sponte* dismissal without prejudice of her 42 U.S.C. § 1983 action for failure to file an amended complaint in compliance with the district court's order.

The district court did not abuse its discretion in finding that Tanner failed to comply with its order and in ordering dismissal of her action without prejudice. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (stating we review dismissals without prejudice for abuse of discretion). A district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court. *See* Fed. R. Civ. P. 41(b). Tanner failed to follow the district court's instructions on how to amend her complaint in order to comply with Fed. R. Civ. P. 8. A pleading should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Tanner's amended complaint does not consist of simple statements connecting each claimed wrong with an identifiable defendant. It remains in excess of 150 pages with the same unnecessary exhibits. Although the district court's order provided a standard form, a clear description of what her complaint should contain, and page and exhibit limitations, the overall form and content of Tanner's amended complaint show that she did not comply with the district court's order after being warned of the consequences. Although courts liberally construe *pro se* pleadings,

2

the litigant is still required to conform to procedural rules, and the court is not required rewrite a deficient pleading. *See GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). Tanner's argument that lack of knowledge and access to procedural rules justify her noncompliance fails because the court provided her with an explanation of the rules within its order.

**AFFIRMED**.